UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANDRE L SHEFFIELD,

    Plaintiff,

v.                                              Case No.  5:23-cv-192-TKW-MJF

MICHAEL BROWN, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Andre L. Sheffield, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. Doc. 1. Sheffield neither paid the filing fee nor moved for leave to proceed *in forma pauperis* at the time he commenced this civil action. *See* Doc. 7 (indicating that this case should proceed without payment of the filing fee because he previously paid a filing fee in a different case). Because Sheffield is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* and was required to pay the filing fee at the time he commenced this action, the undersigned respectfully recommends that this case be dismissed without prejudice.

**I. Background**

    Sheffield is a prisoner in the custody of the Florida Department of Corrections and currently is confined at the Florida State Prison. Doc. 1 at 2, 32.  He alleges that

on April 21, 2021, while housed at the Apalachee Correctional Institution, Defendants Brown and several other officers used force on him. *Id.* at 10–11 ¶¶ 16–18. Sheffield alleges that during the incident he was not resisting or threatening officials. *Id.* at 11 ¶ 21. He also asserts that the medical defendants failed to intervene in the "torture" and falsified medical records *Id.* at 12, 13 ¶¶ 28, 33.

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). But there is a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

A.   **Sheffield Has Incurred Three Strikes**

Sheffield is a frequent filer in federal courts and has incurred at least three strikes under section 1915(g) because of the dismissal of the following actions:

- *Sheffield v. Brown*, No. 4:22-cv-409-AW-MJF, ECF No. 17, Order Adopting Report and Recommendation (N.D. Fla. Feb. 6, 2023) (dismissing Sheffield's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for maliciousness and abuse of the judicial process) (hereinafter "*Sheffield I*").

- *Sheffield v. Allen*, No. 3:23-cv-566-BJD-MCR, ECF No. 2, Standing Order of Dismissal, (M.D. Fla. May 17, 2023) (dismissing Sheffield's complaint for abuse of the judicial process in willfully failing to comply with court orders and local rules in over 90 cases) (hereinafter "*Sheffield II*").

- *Sheffield v. Gabrielli*, No. 3:23-cv-573-MMH-JBT, ECF No. 2, Standing Order of Dismissal, (M.D. Fla. May 17, 2023) (dismissing Plaintiff's complaint for abuse of judicial process in willfully failing to comply with court orders and local rules in over 90 cases) (hereinafter "*Sheffield III*").

In his complaint, Sheffield asserts that *Sheffield II* and *Sheffield III* are not "cases" insofar as he only submitted an "affidavit letter" to the district court. Doc. 1 at 22. This, however, does not change the analysis.

First, Sheffield had to have known that the Middle District of Florida treated each of these actions as a case. *Sheffield I*, ECF No. 17 at 2 ("Plaintiff had to be aware that courts were treating his various affidavits and requests as cases because courts kept issuing orders dismissing them.") (citing several cases); *see In re Andre L. Sheffield*, No. 3:23-mc-16-TJC-JBT, ECF No. 1, Standing Order (M.D. Fla May 15, 2023) ("[U]pon receipt of a pro se filing by Mr. Sheffield, the Clerk's Office

shall place the filing on the docket, including <u>opening a new case</u> if the filing is not made in an existing case . . . . The District Judge will review the filing, and if the filing is deemed procedurally deficient, or otherwise due to be dismissed, the Judge will direct the Pro Se Litigation Specialist to enter this Standing Order <u>dismissing the case</u>.") (emphasis added).

Second, regardless of what the filings were called, it is clear Sheffield was abusing the judicial process by filing repetitive and procedurally deficient documents with the district court. Indeed, as explained in the Middle District of Florida's standing order of dismissal, Sheffield has "filed at least 90 civil rights cases in" the Middle District of Florida. *In re Andre L. Sheffield*, No. 3:23-mc-16-TJC-JBT, ECF No. 1, Standing Order (M.D. Fla May 15, 2023). He "routinely file[d] his cases in affidavit format, and in each case, he allege[d] 'imminent danger.'" *Id.* As a result, the "assigned Judge and the Clerk's Office . . . cease[d] all work on other cases to expeditiously handle [Plaintiff's] 'emergency filings.'" *Id.* "These expedited reviews . . . resulted in orders of dismissal of all of his cases because Mr. Sheffield continuously fail[ed] to comply with the Court's orders and refuse[d] to properly initiate a civil rights action by using the complaint form or providing the Court with all the information required by the civil rights complaint form." *Id.*[1] Thus,

---

[1] In a prior case, Sheffield acknowledged his conduct was intentional. *See Sheffield v. Dade Corr. Inst.*, No. 1:22-cv-22966-DPG, Notice of Inquiry, ECF No. 9 (S.D. Fla.) (docketed Oct. 4, 2022). Sheffield explained he filed "complaints of injustice

Sheffield's conduct "impede[d] the due administration of justice . . . by unnecessarily and wastefully demanding and diverting, what are already, limited judicial resources." *Id.* at 1–2. This type of abusive conduct is precisely what the PLRA was intended to prevent. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). Further, "a dismissal based on a petitioner's abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious." *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008). This is because a "dismissal for the abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

Thus, each of the cases identified above—including Sheffield's filings in the Middle District of Florida—constitute a strike for purposes of section 1915(g). *See Allen*, 266 F. App'x at 817 ("A dismissal for failure to prosecute made in the light of a frivolous response to show cause order is a strike for purposes of section 1915(g)."); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (explaining that the willful failure to comply with court orders is an "abuse of the judicial process."); *Procup v. Strickland*, 760 F.2d 1107, 1109 (11th Cir. 1985)

---

in a prison setting" via affidavit with the intent to use the district court as a conduit to submit his complaints of "injustice" to state officials. *Id.*

(affirming district court's determination that the plaintiff's lack of success in any action and his persistent refusal to abide by the local rules, among other things, showed that he engaged in "a gross abuse of the judicial process").

**B.    Sheffield Failed to Allege That He Faces Imminent Danger of Serious Physical Injury**

Because he has incurred *at least* three strikes, Sheffield may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Sheffield's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Further, "Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)).

Sheffield's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Indeed, the allegations

show that Defendants used force on Sheffield on April 22, 2021, more than two years prior to the date Sheffield commenced this action. Further, Sheffield was not confined at the Apalachee Correctional Institution at the time he filed this suit and there are no allegations that there was a risk of any use of force by Defendants when Sheffield commenced this suit. As such, Sheffield's allegation that he was harmed in the past is insufficient to overcome section 1915(g)'s three-strike provision. *Daker*, 999 F.3d at 1313 (noting that past use of force cannot establish a present imminent danger). As noted above, Sheffield did not pay the filing at the time he commenced this action because he believed he did not have to pay the filing fee. *See* Doc. 7. Because Sheffield did not pay the filing fee at the time he initiated this action, Sheffield's action must be dismissed without prejudice. *See Dupree*, 284 F.3d at 1236.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Sheffield initiating a new case accompanied by the $402 fee in its entirety.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>4th</u> day of August, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**