UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ANDRE L. SHEFFIELD,**

    **Plaintiff,**

v.                                                                                                 Case No. 5:23-cv-192-TKW/MJF

**MICHAEL BROWN, et al.,**

    **Defendants.**

_____/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 9) and Plaintiff's objections (Docs. 11, 14). The Court reviewed the issues raised in the objections de novo, as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed without prejudice under the "three strikes statute," 28 U.S.C. §1915(g).

The Court did not overlook Plaintiff's argument that he should not have to pay an "additional" filing fee in this case because it is essentially a continuation of a prior case (Case No. 4:22cv409) for which he paid the full filing fee. That argument is meritless because a filing fee is due for each new case that is filed even if the case is related to a prior case. Moreover, to the extent that Plaintiff is arguing that he should have been allowed to file an amended complaint in the prior case

rather than having that case be dismissed without prejudice, that argument is procedurally barred in this case because it was made (and rejected) in the prior case. *See* Case No. 4:22cv409, ECF No. 17 (denying Plaintiff's motion to file an amended complaint and adopting the magistrate judge's Report and Recommendation over Plaintiff's objection that also requested leave to amend the complaint).

The Court also did not overlook that the magistrate judge entered an order giving Plaintiff until August 21, 2023, to pay the filing fee, *see* Doc. 8, and that Plaintiff claimed to have submitted a request to prison officials on August 9 to withdraw the funds for the filing fee from his inmate account, *see* Doc. 10. However, Plaintiff did not provide a copy of the withdrawal request form or any other evidence to corroborate that claim, and as of the date of this Order, the filing fee has still not been paid. Moreover, payment of the filing fee at this point will not save this case from dismissal because it is well-established that "a three-strike inmate 'must pay the filing fee at the time he <u>initiates</u> the suit.'" *Mathews v. City of Wewahitchka*, 2022 WL 2439526, at *1 (N.D. Fla. July 5, 2022) (quoting *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)) (emphasis added).

Finally, the Court did not overlook Plaintiff's argument that this case should be in the Tallahassee Division, not the Panama City Division. *See* Doc. 13. That argument is based on the flawed premise that that "the place of the [alleged] Constitutional violations" (i.e., Apalachee C.I.) is in Franklin County. In fact,

2

Apalachee C.I. is in Sneads, which is in Jackson County—and, thus, the Panama City Division. *See* N.D. Fla. Loc. R. 3.1(A)(2).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(g).

3. The Clerk shall terminate all pending motions, enter judgment in accordance with this Order, and close the case file.

**DONE and ORDERED** this 22nd day of August, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**